1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  JEVECHIUS D. BERNARDONI (CABN 281892)
   Assistant United States Attorney
4
       450 Golden Gate Avenue, Box 36055
5      San Francisco, California 94102-3495
       Telephone: (415) 436-7164
6      Facsimile: (415) 436-7234
       jevechius.bernardoni@usdoj.gov
7
   Attorneys for Defendant FEDERAL
8  BUREAU OF INVESTIGATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| THE CENTER FOR INVESTIGATIVE REPORTING, | Case No. 19-cv-4541 LB |
|---|---|
| Plaintiff, | **ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF** |
| v. | |
| FEDERAL BUREAU OF INVESTIGATION, | |
| Defendant. | |

**ANSWER**

Defendant FEDERAL BUREAU OF INVESTIGATION ("FBI" or "Defendant") hereby responds to Plaintiff's Complaint For Injunctive Relief ("Complaint") as follows:

1. Paragraph 1 is Plaintiff's characterization of the case, to which no response is required. To the extent a response is deemed required, FBI denies the allegations.

2. As to paragraph 2, FBI admits that it received a FOIA request from Jonathan Jones ("Mr. Jones") in or about November 2015. As to the remainder of paragraph 2, the FOIA request speaks for itself and is the best evidence of its contents. Except as expressly admitted, Defendant denies the allegations in paragraph 2.

3. As to the first sentence of paragraph 3, FBI admits the allegations. As to the second

ANSWER
NO. 19-cv-4541 LB

sentence, FBI admits that it received an email from Mr. Jones on January 8, 2016, including an FBI press release. As to the third sentence, FBI admits that on January 8, 2016, it confirmed receipt of Mr. Jones's January 8, 2016 email. Except as expressly admitted, Defendant denies the allegations in paragraph 3.

      4.      As to the first sentence of paragraph 4, FBI admits that Mr. Jones contacted the FBI in or about December 2018 regarding the status of the FOIA request. As to the second sentence of paragraph 4, FBI admits the allegations. As to the last sentence, FBI admits that it re-opened the request. Except as expressly admitted, Defendant denies the allegations in paragraph 4.

      5.      As to paragraph 5, FBI admits that, on or about February 12, 2019, it sent a letter to Mr. Jones stating that the records responsive to Mr. Jones's FOIA request were located in an investigative file which is exempt from disclosure pursuant to FOIA Exemption 7(A) and administratively closed the request. FBI also admits that the February 12, 2019 letter invoked FOIA Exemption 7(E) and Privacy Act Exemption (j)(2) to neither confirm nor deny "the existence of your subject's name on any watch lists." Except as expressly admitted, Defendant denies the allegations in paragraph 5.

      6.      As to paragraph 6, FBI admits that Plaintiff filed an administrative appeal on or about March 11, 2019. Except as expressly admitted, Defendant denies the allegations in paragraph 6.

      7.      As to the first sentence of paragraph 7, FBI admits that, on July 29, 2019, the Department of Justice Office of Information Policy affirmed, on partly modified grounds, FBI's action on the November 30, 2016 FOIA request. As to the second sentence of paragraph 7, FBI admits that OIP affirmed the FBI's withholding of records under FOIA Exemption 7(A) and refusal to confirm or deny the existence of certain records under FOIA Exemption 7(E) and that OIP asserted that records concerning Anthonius Wamang were exempt from disclosure under Exemption 7(C). Except as expressly admitted, Defendant denies the allegations in paragraph 7.

      8.      Paragraph 8 is Plaintiff's characterization of the case, to which no response is required. To the extent a response is deemed required, FBI denies the allegations.

      9.      Paragraph 9 consists of Plaintiff's characterization of its purpose and motivations, to which no response is required. To the extent a response is deemed required, FBI denies the allegations.

ANSWER
NO. 19-cv-4541 LB

1   10. Paragraph 10 is Plaintiff's characterization of the case, to which no response is required.
2   To the extent a response is deemed required, FBI denies the allegations.
3   11. Paragraph 11 is Plaintiff's characterization of the case, to which no response is required.
4   To the extent a response is deemed required, FBI denies the allegations.
5   12. Paragraph 12 is Plaintiff's characterization of the case, to which no response is required.
6   To the extent a response is deemed required, FBI denies the allegations.
7   13. Paragraph 13 consists of Plaintiff's characterization of its purpose and motivations, to
8   which no response is required. To the extent a response is deemed required, FBI denies the allegations.
9   14. FBI admits the allegations in paragraph 14.
10  15. FBI admits the allegations in paragraph 15.
11  16. FBI admits that assignment to the Oakland Division or the San Francisco Division is
12  proper pursuant to Local Rule 3-2(c).
13  17. FBI lacks knowledge or information sufficient to admit or deny the allegations in
14  paragraph 17, and on that basis denies them.
15  18. FBI is not an "agency" within the meaning of the FOIA, 5 U.S.C. § 552(f)(1), and is,
16  therefore, not a proper party defendant, and on that basis FBI denies the allegations in paragraph 18.
17  19. FBI avers that the allegations in paragraph 19 are irrelevant to Plaintiff's claims under the
18  FOIA and denies them on that basis.
19  20. FBI avers that the allegations in paragraph 20 are irrelevant to Plaintiff's claims under the
20  FOIA and denies them on that basis.
21  21. FBI avers that the allegations in paragraph 21 are irrelevant to Plaintiff's claims under the
22  FOIA and denies them on that basis.
23  22. FBI avers that the allegations in paragraph 22 are irrelevant to Plaintiff's claims under the
24  FOIA and denies them on that basis.
25  23. FBI avers that the allegations in paragraph 23 are irrelevant to Plaintiff's claims under the
26  FOIA and denies them on that basis.
27  24. FBI avers that the allegations in paragraph 24 are irrelevant to Plaintiff's claims under the
28  FOIA and denies them on that basis.

ANSWER
NO. 19-cv-4541 LB

25. Paragraph 25 consists of Plaintiff's characterization of its purpose and motivations, to which no response is required. To the extent a response is deemed required, FBI denies the allegations.

26. Paragraph 26 consists of Plaintiff's characterization of its purpose and motivations, to which no response is required. To the extent a response is deemed required, FBI denies the allegations.

27. Paragraph 27 consists of Plaintiff's characterization of its purpose and motivations, to which no response is required. To the extent a response is deemed required, FBI denies the allegations.

28. As to the first sentence of paragraph 28, FBI admits that it received a request from Mr. Jones on or about November 30, 2015. As to the second sentence of paragraph 28, FBI admits that Exhibit A to the Complaint is a true and correct copy of the FOIA request. The FOIA request speaks for itself and is the best evidence of its contents.

29. As to paragraph 29, FBI admits that it received a request from Mr. Jones on or about November 30, 2015. The FOIA request speaks for itself and is the best evidence of its contents.

30. As to paragraph 30, FBI admits that it received a request from Mr. Jones on or about November 30, 2015. The FOIA request speaks for itself and is the best evidence of its contents.

31. As to the first sentence of paragraph 31, FBI admits the allegations. As to the second sentence, FBI's January 4, 2016 letter response speaks for itself and is the best evidence of its contents.

32. As to the first sentence of paragraph 32, FBI admits that it received an email from Mr. Jones on January 8, 2016. As to the second sentence of paragraph 32, FBI admits that Exhibit C to the Complaint is a true and correct copy of Mr. Jones's January 8, 2016 email. As to the third sentence of paragraph 32, FBI admits that the January 8, 2016 email from Mr. Jones stated "[a]ny guidance on this matter would be greatly appreciated. Please let me know how best to proceed." Except as expressly admitted, Defendant denies the allegations in paragraph 32.

33. FBI admits the allegations in paragraph 33.

34. As to the first sentence of paragraph 34, FBI admits that Mr. Jones emailed the FBI on December 3, 2018 regarding his November 30, 2015 FOIA request. As to the allegation that Mr. Jones called the FBI on December 3, 2018, FBI lacks knowledge or information sufficient to admit or deny the allegation, and on that basis denies it. As to the second sentence, FBI admits that Exhibit E to the Complaint is a true and correct copy of Mr. Jones's December 3, 2018 email. As to the third sentence,

1  FBI admits the allegations. As to the fourth and fifth sentences, FBI admits that, on December 3, 2018, Mr. Jones replied to FBI's December 3, 2018 response. As to the sixth sentence, FBI admits that it responded to Mr. Jones on December 7, 2018, stating, among other things, that the "request will be re-opened." Except as expressly admitted, Defendant denies the allegations in paragraph 34.

35. FBI admits the allegations in paragraph 35.

36. FBI admits the allegations in paragraph 36.

37. FBI admits the allegations in paragraph 37.

38. FBI admits the allegations in paragraph 38.

39. As to paragraph 39, Plaintiff's March 11, 2019 administrative appeal speaks for itself and is the best evidence of its contents.

40. As to paragraph 40, FBI admits that, on July 29, 2019, the Department of Justice Office of Information Policy affirmed, on partly modified grounds, FBI's action on the November 30, 2016 FOIA request. The Department of Justice Office of Information Policy's July 29, 2019 letter speaks for itself and is the best evidence of its contents.

41. Paragraph 41 is Plaintiff's characterization of the case, to which no response is required. To the extent a response is deemed required, FBI denies the allegations.

42. Defendant incorporates by reference its response to each allegation set forth above as if fully set forth herein.

43. FBI admits the allegations in paragraph 43.

44. FBI denies the allegations in paragraph 44.

45. FBI admits that it administratively denied Mr. Jones' FOIA request and Plaintiff's appeal. The remainder of paragraph 45 is Plaintiff's characterization of the case, to which no response is required. To the extent a response is deemed required, FBI denies the allegations.

46. FBI denies the allegations in paragraph 46.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
(Mootness)

2. The Complaint raises claims that are or will become moot.

**THIRD AFFIRMATIVE DEFENSE**
(Statutory FOIA Exemptions)

3. The FOIA requests that are the subject of this lawsuit implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required or permitted.

**FOURTH AFFIRMATIVE DEFENSE**
(Lack of Article III Standing)

4. Plaintiff did not submit the original FOIA request and therefore lacks Article III standing to seek the relief stated in the Complaint.

Defendant reserves the right to assert additional affirmative defenses as warranted.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1. Plaintiff take nothing by its complaint;
2. Defendant has judgment against Plaintiff;
3. Defendant be awarded its costs of suit; and
4. For such other and further relief as the Court may deem proper.

DATED: September 18, 2019                                Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Jevechius D. Bernardoni*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney

ANSWER
NO. 19-cv-4541 LB