DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7164
    Facsimile: (415) 436-7234
    jevechius.bernardoni@usdoj.gov

Attorneys for Defendant FEDERAL
BUREAU OF INVESTIGATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant. | Case No. 19-cv-4541 LB<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORDER PRESERVING CERTAIN EXEMPTIONS AND BIFURCATING PROCEEDINGS**<br><br>Date: January 16, 2020<br>Time: 9:30 a.m.<br>The Honorable Laurel Beeler |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 16, 2020, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom B on the 15th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave., San Francisco, California, before the Honorable Laurel Beeler, defendant the Federal Bureau of Investigation ("FBI") shall, and hereby does, move for an order preserving certain exemptions and bifurcating these proceedings. This Motion is based on the Memorandum of Points and Authorities submitted herewith, the pleadings, records, and files in this action, the accompanying Declaration of David Hardy ("Hardy Decl."), and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

DEFENDANT'S MOTION FOR AN ORDER PRESERVING CERTAIN EXEMPTIONS AND BIFURCATING
PROCEEDINGS
NO. 19-cv-4541 LB                       1

**ISSUES TO BE DECIDED**

**(Local Rule 7-4(A)(3))**

1. Whether the Court should enter an order (1) bifurcating these proceedings and (2) permitting the FBI to assert its Exemption 7(A) withholding in the first phase of these proceedings while preserving all other exemptions for resolution in a second phase, if necessary.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

In this Freedom of Information Act ("FOIA") lawsuit, Plaintiff seeks the FBI's investigatory files of an Indonesian individual with an indictment pending against him in the United States District Court for the District of Columbia. Hardy Decl. ¶ 6. The United States will pursue prosecution of this individual if/when he is released from custody in Indonesia. *Id.* Thus, premature release of these files could reasonably be expected to interfere with a prospective enforcement action in the United States, and the FBI will rely on Exemption 7(A) to categorically withhold all non-public documents from release. *See* 5 U.S.C. § 552(b)(7)(A) (allowing the withholding of records compiled for law enforcement purposes, the release of which "could reasonably be expected to interfere with enforcement proceedings").

Here, where the FBI will likely be able to withhold all non-public records on the basis of Exemption 7(A), forcing the FBI to identify and justify additional underlying FOIA exemptions and litigate all of those underlying exemptions is unnecessary, would be unduly taxing on the FBI's and the Court's limited resources, and would result in significant delays to the resolution of this lawsuit. Thus, the FBI seeks an order (1) bifurcating these proceedings and (2) permitting the FBI to assert its Exemption 7(A) withholdings in the first phase of these proceedings while preserving all other exemptions for resolution in a second phase, if necessary.

**II. LEGAL STANDARD**

Exemption 7(A) permits an agency to withhold "records or information compiled for law enforcement purposes," provided that their disclosure "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A); *see also Lewis v. IRS*, 823 F.2d 375, 379 (9th Cir. 1987); *Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1114-15 (D.C. Cir. 2007). "The Ninth Circuit

has held that the Government 'need only explain, publicly and in detail, how releasing each of the withheld documents would interfere with the government's ongoing criminal investigations.'" *Elec. Frontier Found. v. United States DOJ*, No. 15-cv-03186-MEJ, 2018 U.S. Dist. LEXIS 110442, at *5 (quoting *Lion Raisins, Inc. v. USDA*, 354 F.3d 1072, 1084 (9th Cir. 2004)).

In *Maydak v. U.S. Department of Justice*, the defendant agency relied on Exemption 7(A) to withhold certain records pertaining to then-pending criminal proceedings. 218 F.3d 760, 762 (D.C. Cir. 2000). After the District Court granted the agency's motion for summary judgment and while the case was on appeal, the criminal proceedings concluded, thereby mooting the applicability of Exemption 7(A) to the requested records. *Id.* at 764. The agency sought remand to the district court to allow it to assert additional FOIA exemptions. Denying the motion and ordering the release of all responsive records, the Court stated: "We have plainly and repeatedly told the government that, as a general rule, it must assert all exemptions at the same time, in the original district court proceedings." *Id.*

Courts have explained that *Maydak*'s "general rule" does not preclude an agency from raising additional FOIA exemptions while a case remains pending in district court. *See, e.g.*, *Sussman*, 494 F.3d at 1118 (explaining that a court may consider an exemption first raised in a "subsequent motion for reconsideration" because "[w]e have in the past permitted agencies to escape summary judgment in FOIA cases based on evidence first submitted on motions for reconsideration"); *Hiken v. Dep't of Defense*, 872 F. Supp. 2d 936, 940 (N.D. Cal. 2012) (holding "because 'the harms of disclosure may in some cases outweigh its benefits,' courts are not to adopt a 'rigid press it at the threshold, or lose it for all times approach to . . . FOIA exemption claims.'") (quoting *August v. FBI*, 328 F.3d 697, 699 (D.C. Cir. 2003)); *Sciba v. Bd. of Governor of Fed. Reserve Sys.*, No. 04 Civ. 1011 (RBW), 2005 U.S. Dist. LEXIS 6007, at *5 n.3 (D.D.C. Apr. 1, 2005) ("[A] fair reading of [*Maydak*] leads to the conclusion that the exemption only need be raised at a point in the district court proceedings that gives the court an adequate opportunity to consider it.").

### III.   THE COURT SHOULD GRANT THE FBI'S MOTION TO ENSURE THE TIMELY RESOLUTION OF THIS LAWSUIT

In the present case, the FBI plans to rely on Exemption 7(A) to withhold all non-public documents

from release. *See* Hardy Decl. ¶¶ 6-7, 18-20, 26.  Thus, at the summary judgment stage, the Court will evaluate the FBI's withholdings under Exemption 7(A).  Although *Maydak* would not necessarily foreclose the assertion of additional FOIA exemptions at a later stage in this district court litigation, out of an abundance of caution, the FBI seeks to preserve the ability to argue that the records are exempt from release—in whole or in part—under other FOIA exemptions, in the event that the factual basis for the assertion of Exemption 7(A) lapses or the Court rejects the FBI's legal position.[1]  Accordingly, the FBI seeks an order preserving its right to assert additional FOIA exemptions and establishing a procedure for asserting such additional exemptions in this case.  The requested order would lead to a timely and fair resolution of the issues raised in this action.

The FBI's motion reflects a procedure commonly employed as a means to promote judicial economy and the speedy and just resolution of FOIA matters.  *See, e.g.*, *Pub. Investors Arbitration Bar Ass's v. SEC*, Civil Action No. 11-2285 (BAH), Minute Order (D.D.C. July 16, 2012) (granting defendant's request to move for summary judgment on Exemption 8 without waiving any allegation that records are exempt from release under other FOIA exemptions); *Ciralsky v. CIA*, Civil Action No. 00-1709 (RWR), Minute Order (D.D.C. Aug. 8, 2005) (granting defendant's request to move for summary judgment on Exemption (b)(1) without waiving any allegation that records are exempt from release under other FOIA exemptions).

The D.C. Circuit authorized a similar procedure after issuing the *Maydak* decision.  In *United We Stand America, Inc. v. IRS*, 359 F.3d 595, 598, 605 (D.C. Cir. 2004), the Court remanded a FOIA case to

---

[1] Although the question of whether the FBI can withhold records under Exemption 7(A) here is not currently before the Court, it is important to note that Exemption 7(A) applies to long-term or dormant investigations where the investigation could lead to a "prospective law enforcement proceeding." *National Public Radio v. Bell*, 431 F. Supp. 509, 514 (D.D.C. 1977); *see also Dickerson v. DOJ*, 992 F.2d 1426, 1432 (6th Cir. 1993) (affirmance in 1993 of district court's conclusion that FBI's investigation into 1975 disappearance of Jimmy Hoffa remained ongoing and therefore was still 'prospective' law enforcement proceeding); *Cook v. United States DOJ*, No. C04-2542L, 2005 U.S. Dist. LEXIS 49876 (W.D. Wash. Sept. 13, 2005) (In 2005, the continued use of Exemption 7(A) was held proper in the FBI's long-term investigation of the 1971 airplane hijacking by "D.B. Cooper," who parachuted out of a plane with a satchel of money).  Moreover, where an enforcement action would be triggered by the conduct of a third party, Exemption 7(A) can be invoked whenever such action "can reasonably be anticipated." *Mapother v. DOJ*, 3 F.3d 1533 (D.C. Cir. 1993).

the district court to allow a defendant agency to assert certain exemptions that it had not previously asserted. The Court concluded that the agency had reserved its right to assert these additional exemptions through its district court filings, in which it stated, "[s]hould the Court determine that the documents in question constitute agency records for purposes of the FOIA . . . the defendant reserves the right, pursuant to the statute, to assert any applicable exemption claim(s), prior to disclosure, and to litigate further any such exemption claims." *Id.* Here, rather than assuming that additional exemptions would be preserved, as did the agency in *United We Stand*, the FBI seeks an order preemptively authorizing its planned processing procedure.

The proposed relief would benefit both the parties, as well as the Court, by promoting judicial economy, preserving agency resources, and ensuring the speedy and efficient resolution of this matter. Indeed, it would not be an efficient use of either the parties' or the Court's resources to require motions on the non-7(A) exemptions until the protection afforded by Exemption 7(A) has lapsed or is rejected. Moreover, if the Court denies this motion, the time it will take for the FBI to respond to Plaintiff's FOIA request will significantly increase. As explained in the accompanying Hardy Declaration, "[t]he process of reviewing Exemption 7(A) material for additional underlying exemptions transforms the review process from a categorical document-by-document review, to a much lengthier review to identify additional, underlying exemptions for assertion despite the blanket coverage of Exemption 7(A)." Hardy Decl. ¶ 19. Without the requested relief, the FBI will have to justify additional—and likely superfluous—exemptions by (1) requiring RIDS to actually obtain all portions of the file not electronically available, engaging in extensive research and legal analysis for each underlying exemption, (2) conducting a classification review, and (3) engaging in multiple layers of review to ensure accuracy and adequate protection of exempt FBI equities. Hardy Decl. ¶¶ 21-24.

As discussed in the Hardy Declaration, the FBI estimates that the additional steps required for a full review for underlying exemptions would significantly increase the time that it needs to respond to Plaintiff's request. Hardy Decl. ¶¶ 18-25. Thus, the FBI proposes the following schedules:

- **If the Motion Is Granted**:
    - Approximately six months (*i.e.*, until June 31, 2020) to identify documents for withholding under functional Exemption 7(A) categories as well as process and

DEFENDANT'S MOTION FOR AN ORDER PRESERVING CERTAIN EXEMPTIONS AND BIFURCATING PROCEEDINGS
NO. 19-cv-4541 LB                              5

release to Plaintiff any additional segregable material. The FBI will issue to Plaintiff interim releases of segregable material, if located during its review.

- o An additional two months (*i.e.*, until August 31, 2020) to prepare and file a declaration fully explaining the FBI's assertion of Exemption 7(A).

- **If the Motion Is Denied**:

    - o Approximately ten months (*i.e.*, until October 31, 2020) to identify documents for withholding under functional Exemption 7(A) categories, complete the review necessary to assert all applicable underlying exemptions, and process and release to Plaintiff any additional segregable material.

    - o An additional sixty days (*i.e.*, until December 31, 2020) to prepare and file a declaration detailing the FBI's Exemption 7(A) claim as well as explaining each underlying FOIA exemption. The FBI will issue to Plaintiff interim releases of segregable material, if located during its review.

Hardy Decl. ¶¶ 18-25. The unnecessary delay and expenditure of resources inherent in a full review for underlying exemptions would thwart the FOIA's goals of "efficient, prompt, and full disclosure of information." *August*, 328 F.3d at 699. Where, as here, the request is not made for the purpose of "gain[ing] a tactical advantage over the FOIA requester," it can and should be granted. *See id.* at 698.

## IV.   CONCLUSION

For the foregoing reasons, the Motion For An Order Preserving Certain Exemptions and Bifurcating Proceedings should be granted.

DATED: December 11, 2019                Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Jevechius D. Bernardoni*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney