DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7164
    Facsimile: (415) 436-7234
    jevechius.bernardoni@usdoj.gov

Attorneys for Defendant FEDERAL
BUREAU OF INVESTIGATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant. | Case No. 19-cv-4541 LB<br><br>**REPLY IN SUPPORT OF MOTION FOR AN ORDER PRESERVING CERTAIN EXEMPTIONS AND BIFURCATING PROCEEDINGS**<br><br>Date: January 16, 2020<br>Time: 9:30 a.m.<br>The Honorable Laurel Beeler |

## I. INTRODUCTION

The FBI's motion for an order preserving certain exemptions and bifurcating proceedings is intended to establish Court-approved procedures for resolving this lawsuit efficiently and quickly, all while protecting sensitive FBI equities and fully preserving the United States of America's ability to bring Anthonius Wamang to justice. If/when Mr. Wamang is released from prison in Indonesia, the United States intends to prosecute him pursuant to the pending indictment in the United States District Court for the District of Columbia. *See* ECF No. 16-1 (Declaration of David M. Hardy, ("Hardy Decl.")) ¶ 6. The FBI's investigatory files may be used in the government's future prosecution of Mr. Wamang, and Mr. Wamang or his associates could leverage the premature release of this information to thwart the

United States' prosecution. *Id.* Yet these FBI investigatory files are precisely the records plaintiff, The Center for Investigative Reporting, seeks through this Freedom of Information Act ("FOIA") lawsuit. While the appropriateness of the FBI's withholdings ultimately will be adjudicated through summary judgment motions, the FBI's motion proposes a bifurcated process to resolve this matter in the quickest and most efficient way possible.

Plaintiff's opposition brief does not establish that bifurcation in this case is inappropriate. First, this Court has the inherent authority to control its docket and bifurcate these proceedings. Second, unlike this case, none of the cases cited by plaintiff involve a prospective bifurcation request, but rather belated attempts to reopen district court proceedings to assert new exemptions. Third, plaintiff's objection that bifurcation in this case would not result in efficiencies presupposes that the Court will reject the FBI's 7(A) withholdings, but if the Court approves of those withholdings, there will be no second phase and no second round of summary judgment briefing. Fourth, plaintiff's request for an order requiring the FBI to produce a *Vaughn* index is procedurally improper and, in any event, *Vaughn* indices are generally not required in Exemption 7(A) cases. Finally, plaintiff's request for the FBI to process all 24,400 pages of potentially responsive records **and** produce a *Vaughn* index in the next 30-75 days is unsupported by factually analogous case law—all of the cases cited by plaintiff were much more developed at the time the courts ordered the defendant agencies to prepare a *Vaughn* index.

## II. THE COURT HAS THE AUTHORITY TO BIFURCATE THIS CASE IN THE INTEREST OF EFFICIENT JUDICIAL ADMINISTRATION

There is no question that district courts have "the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Nevarez v. Forty Niners Football Co., LLC*, No. 16-CV-07013-LHK, 2019 U.S. Dist. LEXIS 177747, at *10 (N.D. Cal. Feb. 5, 2019) (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892-93 (2016)). That is the purpose of the FBI's motion—if the Court bifurcates these proceedings, the FBI will finish its response to plaintiff's FOIA request four months earlier than if the case is not bifurcated. Then, if the Court agrees with the FBI's 7(A) withholdings, the second phase of the bifurcated proceedings will be completely unnecessary, and the FBI will not have to expend valuable—and limited—government resources identifying and justifying

DEFENDANT'S REPLY TO MOTION FOR AN ORDER PRESERVING CERTAIN EXEMPTIONS AND BIFURCATING PROCEEDINGS
NO. 19-cv-4541 LB                                                         2

additional underlying exemptions, and the Court will not have to consider those additional exemption claims. These time and resource savings alone strongly suggest that the Court should grant the FBI's motion, and nothing in plaintiff's opposition brief establishes otherwise.

Plaintiff's opposition brief incorrectly contends that the FBI "*must* assert all exemptions *at the same time*" or risk waiving unclaimed exemptions. Opposition at 2 (quoting *Hiken v. Dep't of Defense*, 872 F. Supp. 2d 936, 940 (N.D. Cal. 2012). While this may be the "general rule," a more fulsome quote from *Hiken* demonstrates that the law is not so absolute—in the very next sentence, *Hiken* says "because 'the harms of disclosure may in some cases outweigh its benefits,' courts are not to adopt a 'rigid press it at the threshold, or lose it for all times approach to . . . FOIA exemption claims.'" *Hiken*, 872 F. Supp. 2d at 940 (quoting *August v. Fed. Bureau of Investigation*, 328 F.3d 697, 699 (D.C. Cir. 2003). This is just such a case—the FBI's request for bifurcation will allow this case to proceed with economy of time and effort, for the Court, for counsel, and for the parties.

Neither does *Maydak v. U.S. Department of Justice*, 218 F.3d 760, 762 (D.C. Cir. 2000), preclude the relief sought in the FBI's motion. *Maydak* stands for the proposition that "as a general rule, [the government] must assert all exemptions at the same time, *in the original district court proceedings*." *Id.* at 764 (emphasis added). If the Court rejects the FBI's Exemption 7(A) withholdings in the first phase of bifurcated proceedings, the FBI will defend all other exemptions in the second phase of "the original district court proceedings," just as *Maydak* instructs. *See id.* at 764. And, as explained in the FBI's motion, *Maydak*'s "general rule" does not preclude an agency from raising additional FOIA exemptions while a case remains pending in district court. *See* Motion at 3 (citing *Sciba v. Bd. of Governor of Fed. Reserve Sys.*, No. 04 Civ. 1011 (RBW), 2005 U.S. Dist. LEXIS 6007, at *5 n.3 (D.D.C. Apr. 1, 2005) ("[A] fair reading of [*Maydak*] leads to the conclusion that the exemption only need be raised at a point in the district court proceedings that gives the court an adequate opportunity to consider it.") and *Sussman v. U.S. Marshals Service*, 494 F.3d 1106, 1118 (D.C. Cir. 2007)).

While Plaintiff's opposition brief claims that "courts have reprimanded defendants for trying to bifurcate cases" (Opposition at 3), none of the cases cited by plaintiff involve a preemptive motion to bifurcate, like the FBI's. Instead, all of plaintiff's cited cases involve after-the-fact government requests

DEFENDANT'S REPLY TO MOTION FOR AN ORDER PRESERVING CERTAIN EXEMPTIONS AND BIFURCATING PROCEEDINGS
NO. 19-cv-4541 LB                3

to re-open proceedings so the government can belatedly raise a new exemption. *See Maydak*, 218 F.3d at 764 (refusing to remand to district court to allow defendant agency to raise additional exemptions); *Schanen v. U.S. Dep't of Justice*, 762 F.2d 805, 808 (9th Cir. 1985) (refusing to allow government to raise exemptions that it had first raised through a Federal Rule of Civil Procedure 60(b) motion to set aside judgment).[1]  Indeed, by seeking an order preserving other exemptions, there is no future "surprise" for plaintiff or the Court—the FBI is proactively letting the Court and plaintiff know that other exemptions likely apply to these records, but nevertheless requesting that the Court first consider the broader, and likely dispositive, 7(A) exemption in the interest of judicial economy and the speedy and just resolution of this case.

Finally, plaintiff claims that the requested bifurcation would not result in any efficiencies, but rather would necessitate "two separate rounds of summary judgment motion practice." Opposition at 3. But this objection presupposes that the Court will reject the FBI's 7(A) withholdings. In contrast, if the Court approves of the FBI's 7(A) withholdings, the second phase of the bifurcated proceedings will be unnecessary, and there will be no second round of summary judgment motion practice. It is for precisely these efficiency reasons that the FBI filed this motion.[2]

### III. PLAINTIFF'S REQUEST FOR A *VAUGHN* INDEX IS PROCEDURALLY AND SUBSTANTIVELY IMPROPER

Plaintiff devotes most of its opposition to a request for prospective relief (*i.e.*, that the Court should order the FBI to provide a *Vaughn* index within 30 to 75 days). Opposition at 3-5. As a preliminary matter, plaintiff's request for an order in its opposition brief is procedurally improper. Pursuant to Civil Local Rule 7-1, "[a]ny written request to the Court for an order must be presented by one of the following means" (listing, *inter alia*, a duly noticed motion, an *ex parte* motion, a stipulation, etc.). Plaintiff's

---

[1] Plaintiff also cites *Weiner v. FBI* for the proposition that "courts have repeatedly stated that FOIA cases should not be bifurcated and that the orderly course of justice is benefited by the raising of exemptions all at once, as well as the creation of a *Vaughn* index explaining those exemptions." Opposition at 2 (citing 943 F.2d 972, 977 (9th Cir. 1991). But *Weiner* has nothing to do with bifurcation or delayed invocations of withholdings, and instead only addresses the sufficiency of the *Vaughn* index at issue in that case. *See Weiner*, 943 F.2d at 977.

[2] Plaintiff repeatedly notes that Mr. Jones filed the at-issue FOIA request four years ago. While that may be true, plaintiff fails to note that this FOIA request went through the full administrative appeal process, which was not resolved until this past summer, on July 29, 2019. *See* ECF No. 1.

DEFENDANT'S REPLY TO MOTION FOR AN ORDER PRESERVING CERTAIN EXEMPTIONS AND BIFURCATING PROCEEDINGS
NO. 19-cv-4541 LB                                           4

request for an order does not fall within any of the listed means and, therefore, should be rejected.

Even if plaintiff's request for prospective relief in its opposition were procedurally sound, the Court still should not grant it because *Vaughn* indices are generally not necessary in Exemption 7(A) cases. *See, e.g.*, *Lewis v. IRS*, 823 F.2d 375, 380 (9th Cir. 1987) ("When . . . a claimed FOIA exemption is based on a general exclusion, such as Exemption 7(A)'s criminal investigation exclusion, . . . a *Vaughn* index is futile."); *see also Unigard Ins. Co. v. Dep't of the Treasury*, 997 F. Supp. 1339, 1341 (S.D. Cal. 1997) ("A *Vaughn* index need not be produced for exemption (b)(7)(A) withholdings because (b)(7)(A) is a general exclusion, by which the entire class of materials is per se exempt from disclosure regardless of the content of each document withheld.") (internal quotation marks omitted); *Wishart v. Comm'r ex rel. United States*, No. 97-20614 SW, 1998 U.S. Dist. LEXIS 13306, at *8-9 (N.D. Cal. Aug. 6, 1998). Here, because the FBI plans to rely on Exemption 7(A) to categorically withhold all non-public documents from release, the Court should not require the FBI to prepare a *Vaughn* index.[3]

At a minimum, Plaintiff's request for a *Vaughn* index is premature. *See, e.g.*, *McCash v. CIA*, No. 5:15-cv-02308-EJD, 2015 U.S. Dist. LEXIS 111169, *2 (N.D. Cal. Aug. 20, 2015) ("Production of a *Vaughn* index is not required in every FOIA case. . . . Indeed, even under *Vaughn*, an index of withheld documents is only necessary when there exists a factual dispute regarding whether the documents fall within a disclosure exception, and such dispute cannot be resolved based solely on agency affidavits"); *Stimac v. United States DOJ*, 620 F. Supp. 212, 213 (D.D.C. 1985) ("[P]reparation of a *Vaughn* Index would be premature before the filing of dispositive motions.").

Finally, plaintiff contends, wrongly, "that 30 to 75 days is more than a reasonable time period [to process 24,400 pages of records ***and*** prepare a *Vaughn* index and] Courts often order *Vaughn* lists within this time period." Opposition at 4. This assertion is missing context—in such cases (and unlike the above-captioned case), the government normally has already completed its review, and the subsequent period of

---

[3] Plaintiff also contends that a *Vaughn* index would be appropriate and useful for any other exemptions that may apply in this case, but requiring the FBI to expend the significant time, effort, and resources to put together a complete *Vaughn* index would be unnecessary if the Court upholds the FBI's Exemption 7(A) claims in the first phase of these proceedings. Opposition at 4-5. Once again, plaintiff's position is premised on the assumption that the Court will disagree with the FBI's Exemption 7(A) withholdings.

DEFENDANT'S REPLY TO MOTION FOR AN ORDER PRESERVING CERTAIN EXEMPTIONS AND BIFURCATING PROCEEDINGS
NO. 19-cv-4541 LB                                    5

time is for the government to prepare a *Vaughn* index for summary judgment proceedings. In fact, the case law cited by plaintiff establishes that ordering such a rushed process in this case would be inappropriate. ***All*** of the cases cited by plaintiff involved proceedings that were much more fully developed than this one, and the defendant agencies in all of the cases appear to have already processed and produced the at-issue records at the time the courts ordered preparation of a *Vaughn* index. Specifically:

- *People of State of Cal. v. Envtl. Prot. Agency*, No. 3:08-cv-00735-SC Dkt. 22 (N.D. Cal. Aug. 1, 2008) (purportedly ordering production of *Vaughn* in 20 days): The defendant agency had already produced more than 14,000 pages of records before it was ordered to produce a *Vaughn* index.

- *Pickard v. Dep't of Justice*, No. 3:06-cv-00185-CRB, Dkt. 198 (N.D. Cal. May 7, 2014) (purportedly ordering production of *Vaughn* in 30 days): At the time of the order, the case had been pending for more than eight years, the parties had filed summary judgment motions, the Court denied the summary judgment motions, and then ordered the defendant agency to produce a more detailed *Vaughn* index.

- *Beard v. U.S. Army Corps of Engineers*, No. 2:2017 cv 02668, Dkt. 28 (E.D. La. Mar 1, 2018) (purportedly ordering production of *Vaughn* in 30 days): At the time of the order, the parties had already filed summary judgment motions, the Court had ruled on those summary judgment motions, and ordered the defendant agency to produce an amended *Vaughn* index.

- *Elec. Priv. Info. Ctr. v. Dep't of Justice*, No. 1:2013- cv-01961, Dkt. 32 (D.D.C. Feb. 4, 2016) (purportedly ordering revised *Vaughn* in approximately 30 days): At the time of the order, the case had been pending for more than two years, the parties had filed summary judgment motions, the Court denied the motions for summary judgment, and then ordered the defendant agency to provide a revised *Vaughn* index.

- *Elec. Frontier Found. v. Office of Dir. of Nat'l Intell.*, No. 4:2009-cv-03351, Dkt. 81 (N.D. Cal. Sept. 30, 2013) (purportedly ordering production of *Vaughn* in 60 days): At the time of the order, the case had been pending for more than four years, the parties had filed summary judgment motions, the Court denied parts of the agencies' summary judgment motion and ordered the defendant agencies to provide supplemental *Vaughn* indices within 60 days, if appropriate.

- *Goldwater Inst. v. U.S. Dep't of Health & Human Servs.*, No. 2:2015-cv-01055, Dkt. 36 (D. Ariz. June 16, 2016) (purportedly ordering production of *Vaughn* in 60 days): By the time the Court ordered the *Vaughn* index produced (more than a year after the case had been filed), the parties had already filed summary judgment motions.

- *Judicial Watch, Inc. v. Dep't of Justice*, 1:12-cv-01510-JDB, Dkt. 38 (D.D.C. July 18, 2014) (purportedly ordering *Vaughn* in approximately 75 days): Almost a year and a half

after the case was filed, the Court issued an order lifting a previously imposed stay and ordering defendant agency to produce a *Vaughn* index.

In this case, the FBI still needs to review the records, the parties have not filed summary judgment motions, and the FBI has not previously prepared a *Vaughn* index that it can "revise" or "amend." Thus, plaintiff's request for an order requiring the FBI to process all of the records and prepare a *Vaughn* index in the next 30-75 days would place the FBI under an enormous burden, and the resulting rush could endanger sensitive FBI information. *See generally* Hardy Decl. In these case-specific circumstances, the Court should not order the FBI to produce a *Vaughn* index within the next 30-75 days.

## IV.   CONCLUSION

For the foregoing reasons, the Motion For An Order Preserving Certain Exemptions and Bifurcating Proceedings should be granted.

DATED: December 17, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Jevechius D. Bernardoni*
JEVECHIUS D. BERNARDONI
Assistant United States Attorney