UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | Case No. 19-cv-04541-LB <br><br> **ORDER DENYING MOTION TO BIFURCATE PROCEEDINGS** <br><br> Re: ECF No. 16 |

## INTRODUCTION

This is a civil action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive relief. The plaintiff is The Center for Investigative Reporting, and it wants records from the Federal Bureau of Investigation ("FBI") about the murders of two American citizens in Papua, Indonesia.[1] The murder suspect is an Indonesian citizen and Papuan separatist fighter named Anthonius Wamang. He was convicted of the murders in Indonesia and is serving a prison

---

[1] Compl. – ECF No. 1 at 1 (¶ 2), 4 (¶ 19). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

sentence there.[2] There is an indictment pending against him in the District of Columbia.[3] The United States will prosecute him there if he is released (and presumably extradited).[4]

The FBI identified main files that are responsive to the FOIA request and that are related to the pending law-enforcement proceedings, and it will assert a categorical denial to production of those records under Exemption 7(A), 5 U.S.C. § 552(b)(7)(A). Section 7(A) allows the FBI to withhold records compiled for law-enforcement purposes if the release "could reasonably be expected to interfere with enforcement proceedings.[5] 5 U.S.C. § 552(b)(7)(A). The FBI wants to bifurcate the proceedings: phase one to assert the 7(A) exemption, and phase two to assert any other FOIA exemptions.[6] The Center opposes the motion.[7]

The court denies the motion. The court follows the general rule that the government must assert all exemptions at the same time.

**STATEMENT**

The Center submitted its FOIA request on November 30, 2015 for records regarding the murders.[8] The FBI asked for proof of death in January 2016.[9] The Center provided it "immediately" and followed up with the FBI in December 2018.[10] The FBI said that it had closed the file because it never received proof of death and, after the Center provided correspondence from 2016 about proof of death, the FBI reopened the case.[11] In February 2019, the FBI sent a

---

[2] *Id.* at 4 (¶ 21–23); Mot. – ECF No. 16 at 2; Hardy Decl. – ECF No. 16-1 at 2–3 (¶¶ 5–6).

[3] Hardy Decl. – ECF No. 16-1 at 2–3 (¶ 6).

[4] Mot. – ECF No. 16 at 2; Hardy Decl. – ECF No. 16-1 at 2–3 (¶ 6).

[5] Hardy Decl. – ECF No. 16-1 at 3 (¶ 5); *see* Mot. – ECF No. 16 at 2 (the government will rely on Exemption 7(A) to categorically withhold all non-public records from release); Answer – ECF No. 9, at 6 (¶ 3) (raising statutory FOIA exemptions as an affirmative defense).

[6] Mot. – ECF No. 16.

[7] Opp'n – ECF. No. 18.

[8] Compl. – ECF No. 1 at 1 (¶ 2); Answer – ECF No. 9 at 1 (¶ 3).

[9] Compl. – ECF No. 1 at 1–2 (¶ 3); Answer – ECF No. 9 at 1 (¶ 3).

[10] Compl. – ECF No. 1 at 1–2 (¶¶ 3–4).

[11] Compl. – ECF No. 1 at 2 (¶ 4); Answer – ECF No. 9 at 2 (¶ 4).

final determination saying that the "material you requested is located in an investigative file that is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A)."[12] The Center appealed the decision, and on July 29, 2019, the Office of Information Policy at the U.S. Department of Justice rejected the appeal.[13] The Center then filed its FOIA action on August 5, 2019.[14]

There are approximately 24,400 pages of responsive records and 47 hours of media (including video and audio files).[15] The FBI describes its FOIA workload, including increasingly complex requests and the constant litigation demands.[16] A categorical Exemption 7(A) review allows it to review records on a category-by-category basis, group the documents into categories, and analyze each record to see whether its release would interfere with ongoing law-enforcement proceedings.[17] If it would, then it is exempt in its entirety.[18] If segregable information is identified (such as public-source information), then the FBI will release it to the Center.[19]

In addition to asserting Exemption 7(A), the FBI must assert all other exemptions unless the court allows bifurcation.[20] The FBI explains the extra processing and review burdens that attend processing all exemptions at once.[21]

The FBI proposes two timelines for its FOIA review: (1) June 31, 2020 to identify documents for withholding under Exemption 7(A) and August 31, 2020 to file a declaration explaining its assertion of Exemption 7(A), or (2) October 31, 2020 to assert all FOIA exemptions and December 31, 2020 to file a declaration explaining its assertions.[22]

---

[12] Compl. – ECF No. 1 at 7 (¶¶ 35–36); Answer – ECF No. 9 at 5 (¶¶ 35–36).

[13] Compl. – ECF No. 1 at 2 (¶ 7); Answer – ECF No. 9 at 2 (¶ 7).

[14] Compl. – ECF No. 1.

[15] Hardy Decl. – ECF No. 16-1 at 3 (¶ 8).

[16] *Id.* at 3–9 (¶¶ 9–17).

[17] *Id.* at 9 (¶ 18).

[18] *Id.*

[19] *Id.*

[20] *Id.* (¶ 19).

[21] *Id.* at 10–11 (¶¶ 21–24).

[22] *Id.* at 9–10 (¶ 20), 11 (¶ 25).

## ANALYSIS

As the FBI recognizes, generally it must assert all other exemptions at once.[23] The issue is whether the court nonetheless should allow the FBI to assert Exception 7(A) first (and allow it to preserve its right to assert other exceptions later, if necessary) or whether, as the Center contends, the court should follow the general rule and require the FBI to assert all exceptions at the same time. The court applies the general rule and requires the FBI to assert all exceptions at the same time.

Generally, in a FOIA suit, the government "must assert all exemptions at the same time, in the original district court proceedings." *Maydak v. U.S. Dep't of Justice*, 218 F.3d 760, 764 (D.C. Cir. 2000) (collecting cases); *see also Hiken v. Dep't of Defense*, 872 F. Supp. 2d 936, 940 (N.D. Cal. 2012) (same). Otherwise, "permitting the government to raise its FOIA exemption claims one at a time [would] interfere[] both with the statutory goals of 'efficient, *prompt*, and full disclosure of information' . . . and with 'interest of judicial finality and economy.'" *Maydak*, 218 F.3d at 764 (emphasis in original) (citations omitted).

No case bifurcates the process (in the way that the FBI suggests). Instead, the issue generally is a government request to reopen proceedings so that the government can raise a new exemption. *See, e.g.*, *id.* In any event, while the court appreciates the administrative efficiency that attends an Exemption 7(A) analysis (without the burden of asserting other exemptions), the FOIA statutory goal is the efficient, prompt, and full disclosure of information. *Id.*

In sum, the court denies the FBI's motion.

The court denies the Center's request for a *Vaughn* index as procedurally inappropriate and premature.

**IT IS SO ORDERED.**

Dated: January 23, 2020

LAUREL BEELER
United States Magistrate Judge

---

[23] *Id.* at 9 (¶ 19).