UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | Case No. 19-cv-4541 LB |

## THIRD DECLARATION OF MICHAEL G. SEIDEL

I, Michael G. Seidel, declare as follows:

(1)  I am the Section Chief of the Record/Information Dissemination Section ("RIDS"), Information Management Division ("IMD"), Federal Bureau of Investigation ("FBI"), Winchester, Virginia. I joined the FBI in September 2011, and prior to my current position, I was the Assistant Section Chief of RIDS from June 2016 to July, 2020; Unit Chief, RIDS Litigation Support Unit from November 2012 to June 2016; and an Assistant General Counsel, FBI Office of the General Counsel, Freedom of Information Act ("FOIA") Litigation Unit, from September 2011 to November 2012. In those capacities, I had management oversight or agency counsel responsibility for FBI FOIA and Privacy Act ("FOIPA") litigation cases nationwide. Prior to my joining the FBI, I served as a Senior Attorney, U.S. Drug Enforcement Administration ("DEA") from September 2006 to September 2011, where among myriad legal responsibilities, I advised on FOIA/PA matters and served as agency counsel representing the DEA in FOIA/PA suits nationwide. I also served as a U.S. Army Judge Advocate General's Corps Officer in various assignments from 1994 to September 2006 culminating in my assignment as Chief, General Litigation Branch, U.S. Army Litigation Division where I oversaw FOIPA litigation for the U.S. Army. I am an attorney registered in the State of Ohio and the District of Columbia.

(2)  In my official capacity as Section Chief of RIDS, I supervise approximately 239 FBI

THIRD DECLARATION OF MICHAEL G. SEIDEL
NO. 19-cv-4541 LB

1  employees, supported by approximately 95 contractors, who staff a total of ten (10) Federal Bureau of
2  Investigation Headquarters ("FBIHQ") units and two (2) field operational service center units whose
3  collective mission is to effectively plan, develop, direct, and manage responses to requests for access to
4  FBI records and information pursuant to the FOIA as amended by the OPEN Government Act of 2007,
5  the OPEN FOIA Act of 2009, and the FOIA Improvement Act of 2016; the Privacy Act of 1974;
6  Executive Order 13526; Presidential, Attorney General, and FBI policies and procedures; judicial
7  decisions; and Presidential and Congressional directives. My responsibilities as Section Chief also
8  include the review of FBI information for classification purposes as mandated by Executive Order
9  13526, 75 Fed. Reg. 707 (Dec. 29, 2009), and the preparation of declarations in support of Exemption 1
10  claims asserted under the FOIA. The Section Chief of RIDS has been designated by the Attorney
11  General of the United States as an original classification authority and a declassification authority
12  pursuant to Executive Order 13526, §§ 1.3 and 3.1. The statements contained in this declaration are
13  based upon my personal knowledge, upon information provided to me in my official capacity, and upon
14  conclusions and determinations reached and made in accordance therewith.
15  　　　(3)　Because of the nature of my official duties, I am familiar with the procedures followed by
16  the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5
17  U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's handling of
18  Plaintiff's FOIA request for records related to Indonesian citizen, Anthonius Wamang, in connection to
19  the August 31, 2002 attack in Indonesia resulting in the deaths of two American citizens.
20  　　　(4)　This is my third declaration in this case. It supplements and incorporates by reference the
21  information previously provided by me in my first declaration (ECF No. 14-1) and my second
22  declaration (ECF No. 42-2). I submit this declaration in further support of the FBI's Motion for
23  Summary Judgment and to respond to issues raised in Plaintiff's Cross Motion for Summary Judgment.
24  **PUBLIC DOMAIN DOCTRINE**
25  　　　(5)　Plaintiff avers that information in the FBI's investigative file concerning the 2002
26  Indonesian attack is in the public domain as a result of testimony and evidence presented during
27  Indonesian court proceedings or otherwise. While the FBI does not dispute Plaintiff's claims that the
28  attack was officially acknowledged decades ago, it notes that Plaintiff has not provided the FBI with any

THIRD DECLARATION OF MICHAEL G. SEIDEL
NO. 19-cv-4541 LB

official FBI public acknowledgement of specific material located within the FBI's investigative files. Further, given the time that has lapsed since the 2002 attack and/or Indonesian court proceedings, practical obscurity exists. While the attack was of heightened interest decades ago, the release today of non-public records from ongoing investigative files could pose potential harm to the pending enforcement proceedings against Mr. Wamang.

(6) First, while initially processing the records responsive to Plaintiff's request, the FBI reviewed all records in its files in view of the public domain doctrine and provided to Plaintiff all records clearly identified as material in the public domain.

(7) Second, the nature and structure of FBI investigative files are investigatory; they perform a documentation and preservation function by maintaining original records compiled as part of an investigation. They are not compiled for trial or discovery purposes, nor does the FBI create or maintain separate files for such purpose. FBI investigative files document pertinent investigative events, leads, interviews, and evidence gathered as part of a case. From a structural perspective, the FBI's investigative files are arranged in roughly chronological order since documents are added to the file as the investigation develops. Investigative records later utilized by federal prosecutors in a trial or discovery are not marked in the FBI's investigative file, on their face, to denote such use; therefore, there is simply no way to confirm from reviewing an FBI investigative file, which documents maintained in that file were used at trial. As relevant here, absent a factual basis (the face of the document or other facts in the file) to conclude that a document in the investigative files is public source or was released in the public domain through an official acknowledgement of the FBI, such as an FBI official press release or court pleading, there is simply no practical way to determine whether a specific document in the FBI investigative files was eventually publicly disclosed by official FBI acknowledgement at a trial.

(8) In particular, with regard to this case, the trial took place in a foreign country, Indonesia, and there is not a method to which the FBI could verify whether certain documents in its files were made public during the trial by official FBI acknowledgement. Furthermore, such a process, even if it were possible, would be a burdensome process requiring extensive research; not a burden placed on the agency under the FOIA. Such a burden rests with Plaintiff to identify for the FBI if certain documents

THIRD DECLARATION OF MICHAEL G. SEIDEL
NO. 19-cv-4541 LB

have been made public through official FBI acknowledgement and to specifically identify those documents. Plaintiff failed to do so. Ultimately, Plaintiff would only be entitled to have the FBI process the exact same document within its files that has been officially and publicly released by the FBI.

(9) Lastly, though not obligated to do so, the FBI attempted to reach out to former Special Agents Eowan and Myers described in Plaintiff's Cross Motion for possible clarity on the investigation and/or public court proceedings, however, the FBI was unable to locate them in its current directory.

## SEGREGABILITY

(10) All documents responsive to Plaintiff's request and subject to the FOIA were processed to achieve maximum disclosure consistent with the access provisions of the FOIA. The FBI found that only public source material could be released to Plaintiff. The remaining responsive records are categorically exempt pursuant to FOIA Exemption 7(A), as well as underlying FOIA Exemptions 1, 3, 4, 5, 6, 7(C), 7(D), 7(E), and 7(F).

(11) The FBI identified 398 pages and 51 minutes and 11 seconds of public source material. 346 pages were released in full ("RIF") and 52 pages were released in part ("RIP").

    a. *Pages RIF*. Following the segregability review, RIDS determined that 346 pages could be released in full without redaction as there was no foreseeable harm to an interest protected by a FOIA Exemption.

    b. *Page RIP*. Following the segregability review, RIDS determined that 52 pages could be released in part with redactions per the identified FOIA Exemptions therein. These pages comprise a mixture of material that could be segregated for release and a small portion of information withheld as release would trigger foreseeable harm to one or more interests protected by cited FOIA Exemptions (b)(3), (b)(6), (b)(7)(C), and (b)(7)(E) on these pages.

## CONCLUSION

(12) The FBI performed adequate and reasonable searches for responsive records subject to the FOIA, processed all such records, and released all reasonably segregable non-exempt information from documents responsive to Plaintiff's FOIA request. The FBI made a good faith effort to ensure that

all documents within its files subject to the public domain doctrine have been released to Plaintiff. The FBI has complied with its obligations under the FOIA to reasonably segregate and identify exempt material from non-exempt material within its files. All other information was properly categorically denied, as release of the information would present harms protected by FOIA Exemption 7(A) and/or one or more of underlying FOIA Exemptions 1, 3, 4, 5, 6, 7(C), 7(D), 7(E), and 7(F). After extensive review of the documents at issue, the FBI determined there is no additional non-exempt information that can be reasonably segregated and released without revealing FOIA-exempt information.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of December, 2020.

MICHAEL G. SEIDEL
Section Chief
Record/Information Dissemination Section
Information Management Division
Federal Bureau of Investigation
Winchester, Virginia

THIRD DECLARATION OF MICHAEL G. SEIDEL
NO. 19-cv-4541 LB