UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING,<br><br>                Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>                Defendant. | Case No. 19-cv-04541-LB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Re: ECF No. 42 |

**INTRODUCTION**

This is a case brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The plaintiff, The Center for Investigative Reporting, submitted a FOIA request to the Federal Bureau of Investigation (FBI) about the 2002 murders of two American citizens in Papua, Indonesia.[1] There is a pending indictment against the murder suspect, an Indonesian citizen and Papuan separatist fighter named Anthonius Wamang, who was convicted of the murders in Indonesia and is serving a life sentence there. The government intends to pursue a criminal prosecution of the suspect after he is released from Indonesian custody. The government produced public documents

---

[1] Compl. – ECF No. 1 at 1 (¶ 2), 4 (¶ 19). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-04541-LB

1    to the Center but withheld other responsive documents on the ground that they are categorically

2    exempt from disclosure under FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), because they are

3    records compiled for law-enforcement purposes. To invoke Exemption 7(A), the government must

4    show that there is a pending or prospective law-enforcement proceeding, and release of the

5    information "could reasonably be expected to cause some articulable harm to the proceeding."

6    *Gerstein v. DOJ*, No. C-03-04893-RMW, 2005 U.S. Dist. LEXIS 41276, at *21–22 (N.D. Cal.

7    Sept. 30, 2005) (quotation omitted). The government met that burden. The court grants the

8    government's summary-judgment motion and denies the Center's cross-motion.

9

10                                          **STATEMENT**

11        The parties do not dispute the sufficiency of the government's production and instead dispute

12    the withholding of information under FOIA Exemption 7(A). This is the Center's FOIA request:

13        [A]ccess to and copies of all records, files, interviews, reports, memos, letter, emails, and
          documents concerning the death of two American citizens, Ricky Lynn Spier and Leon
14        Edwin "Ted" Burgon after an attack that occurred on August 31, 2002, when 10
          schoolteachers and a 6-year-old child were ambushed while they were returning from a
15        picnic to their residences in Tembagapura, Papua Province, Indonesia, including but not
          limited to all records in the central records system, field offices, investigative case
16        management, electronic case files, and/or universal index of cases. In making this request, I
          also request all records relating to the Indonesian citizen, Anthonius Wamang, in
17        connection with the attack on August 31, 2002 as referenced above.[2]

18

19        In response to the request, the FBI (1) identified 24,400 pages of documents and 47 hours of

20    video and audio footage, (2) segregated and released information (398 pages and roughly 51

21    minutes of media) that it determined would not jeopardize its future investigative or prosecutive

22    efforts, and (3) withheld the rest under Exemption 7(A).[3] It followed a three-step process: (1) it

23    reviewed each document withheld on a document-by-document basis; (2) it grouped the documents

24

25

26

27    [2] Center FOIA Request, Ex. A to Seidel Decl. – ECF No. 42-1 at 68.

28    [3] Hardy Decl. – ECF No. 16-1 at 3 (¶ 8); Seidel Decl. – ECF No. 42-1 at 13 (¶ 44), 21 (¶ 55).

into functional categories; and (3) it explained why release of documents in each category would interfere with pending or prospective law-enforcement proceedings.[4]

After exhausting its administrative remedies, the Center filed this lawsuit challenging the FBI's withholding of information from its investigative files.[5] 5 U.S.C. § 552(a)(1–3), (a)(4)(B). The FBI moved for summary judgement on the following grounds: (1) Exemption 7(A) allowed it to categorically withhold non-public documents from release; and (2) other FOIA exemptions — (b)(1), (b)(3), (b)(6), (b)7(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F) — also justify its withholding of its investigative files.[6] In its opposition and cross-motion for summary judgment, the Center contended that in camera review is needed because the FBI's assertions about the withheld records are too general.[7] The court held a hearing on February 18, 2021. All parties consented to magistrate-judge jurisdiction.[8]

## LEGAL STANDARD

The court must grant a motion for summary judgment if the movant shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Material facts are those that may affect the outcome of the case. *Anderson*, 477 U.S. at 248. FOIA cases usually are decided at summary judgment because the facts generally are not in dispute. *Animal Legal Def. Fund v. FDA.*, 836 F.3d 987, 989 (9th Cir. 2016) (per curiam); *Minier v. CIA*, 88 F.3d 796, 800 (9th Cir. 1996).

FOIA provides public access to official information "shielded unnecessarily from public view." *Lahr v. NTSB*, 569 F.3d 964, 973 (9th Cir. 2009) (cleaned up) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)). Agencies may withhold documents only if the "material at issue falls within one of [] nine statutory exemptions." 5 U.S.C. § 552(b); *Maricopa Audubon Soc. v. U.S.*

---

[4] Siedel Decl. – ECF No. 42-1 at 15–21 (¶¶ 52–53).

[5] Appeal, Ex. G to *id.* – ECF No. 42-1 at 113–18; DOJ Letter, Ex. H to *id.* – ECF No. 42-1 at 120–21.

[6] Mot. – ECF No. 42.

[7] Cross-Mot. – ECF No. 45.

[8] Consents – ECF Nos. 7, 10.

United States District Court
Northern District of California

*Forest Serv.*, 108 F.3d 1082, 1085 (9th Cir. 1997) (quoting *DOJ v. Tax Analysts*, 492 U.S. 136, 151 (1989)). FOIA's "exemptions are to be interpreted narrowly." *Lahr*, 569 F.3d at 973 (quotation omitted). An agency "shall withhold information" "only if the agency reasonably foresees that disclosure would harm an interest protected by an exemption" or "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A). A plaintiff is entitled to injunctive relief when an agency's reliance on a FOIA exemption is improper. 5 U.S.C. § 552(a)(4)(B).

The court reviews de novo an agency's withholding of records and "may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section [listing FOIA exemptions], and the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). The agency "must show that its search for responsive records was adequate, that any claimed exemptions actually apply, and that any reasonably segregable, non-exempt parts of records have been disclosed after redaction of exempt information." *Frost v. DOJ*, No. 17-cv-01240-JCS, 2018 WL 1626682, at *4 (N.D. Cal. Apr. 4, 2018) (cleaned up) (quoting *Light v. DOJ*, 968 F. Supp. 2d 11, 23 (D.D.C. 2013)); *accord Lahr*, 569 F.3d at 973.

At summary judgment, the court can rely on agency affidavits that "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Lion Raisins v. USDA*, 354 F.3d 1072, 1082 (9th Cir. 2004), *overruled on other grounds*, *Animal Legal Defense Fund*, 836 F.3d at 987; *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978). A corollary of this principle is that agency affidavits are entitled to a presumption of good faith, *SafeCard Servs. Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), and a district court does not need to conduct an in camera review of each withholding unless an agency declaration "lacks sufficient detail or bears some indicia of bad faith by the agency," *Hamdan v. DOJ*, 797 F.3d 759, 779 (9th Cir. 2015). Courts "accord substantial weight to an agency's declarations regarding the application of a FOIA exemption." *Shannahan v. IRS*, 672 F.3d 1142, 1148 (9th Cir. 2012). "[A]n agency's justification for invoking a FOIA

exemption is sufficient if it appears logical or plausible." *Wolf v. CIA*, 473 F.3d 370, 374–75 (D.C. Cir. 2007) (cleaned up).

Unlike other FOIA exemptions, a *Vaughn* index generally is not necessary in Exemption 7(A) cases. *Lewis v. IRS*, 823 F.2d 375, 380 (9th Cir. 1987); *accord Wishart v. Comm'r*, No. 97-20614 SW, 1998 WL 667638, at *3 (N.D. Cal. Aug. 6, 1998).

FOIA Exemption 7(A) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information [] could reasonably be expected to interfere with enforcement proceedings. . . ." 5 U.S.C. § 552(b)(7)(A); *id.* § 552(a)(8)(A) (agency must reasonably foresee how disclosure harms its exemption-protected interest). "To invoke the exemption, the government must show that (1) a law enforcement proceeding is pending or prospective, and (2) release of the information could reasonably be expected to cause some articulable harm to the proceeding." *Gerstein*, 2005 U.S. Dist. LEXIS 41276, at *21–22 (quotation omitted). The government "is not required to make a specific factual showing with respect to each withheld document that disclosure would *actually interfere* with a particular enforcement proceeding." It must "only make a general showing that disclosure of its investigatory records would interfere with its enforcement proceedings." *Lewis*, 823 F.2d at 380.

## ANALYSIS

The parties dispute whether Exemption 7(A) permits the FBI's withholding of documents and media that are in its investigative files. Because the FBI properly asserted Exemption 7(A), the court grants the government's motion for summary judgment and denies the Center's cross-motion.

First, the parties do not dispute that the information was compiled for a law-enforcement purpose.[9]

Second, there is a pending or prospective law-enforcement proceeding. The United States has charged Anthonius Wamang with murder and related charges, secured an arrest warrant, and

---

[9] Cross-Mot. – ECF No. 45 at 19 n.7.

intends to prosecute him after he is released from Indonesian custody.[10] Exemption 7(A) applies to long-term or dormant investigations that could lead to a prospective law-enforcement proceeding. *NPR v. Bell*, 431 F. Supp. 509, 514 (D.D.C. 1977). To the extent that the Center contends that the life sentence in Indonesia means that prosecution here is a legal impossibility,[11] it is not. It may be difficult to secure Mr. Wamang's presence here because there is no extradition treaty. But that does not mean that the United States cannot secure his custody.[12]

Third, the records are related to the pending or prospective law-enforcement proceeding.

Fourth, the FBI has established that release of the withheld records could harm the investigation. *Gerstein*, 2005 U.S. Dist. LEXIS 41276 at *21–22. The government employed the required three-step process to justify its withholding of generic categories of documents (as described above): (1) it reviewed each withheld document (grouping them into 42 types of records); (2) it grouped the documents into three functional categories; and (3) it explained why release of documents in each category would interfere with pending or prospective law-enforcement proceedings (such as through identification of sources and witnesses).[13] *Bevis v. Dep't of State*, 801 F.2d 1386, 1389–90 (D.C. Cir. 1986). The government does not need to "make a specific factual showing with respect to each withheld document." *Lewis*, 823 F.2d at 380. The FBI's explanation satisfies the requirement that release of the records could reasonably harm its investigative interests. 5 U.S.C. § 552(a)(A)(i); *see, e.g., Ctr. for Investigative Reporting v. DOL*, 424 F. Supp. 3d 771, 780 (N.D. Cal. 2019) ("even if information falls within the scope of a discretionary exemption, it cannot be withheld from the public unless the agency also shows that disclosure will harm the interested protected by that exemption. . . . Post [the FOIA Improvement Act of 2016], the foreseeable harm standard applies to all exemptions . . ."), *appeal docketed*, No. 20-16416 (9th Cir. July 23, 2020); *Club v. EPA*, No. 20-cv-03472-JCS, 2020 WL 7240211, at *3

---

[10] Seidel Decl. – ECF No. 42-1 at 14–15 (¶ 50); Maisel Decl. – ECF No. 42-2 at 3–4 (¶¶ 6, 10); FBI 6/24/2004 Press Release, Ex. C to Seidel Decl. – ECF No. 42-1 at 81.

[11] Cross-Mot. – ECF No. 45 at 19–22.

[12] Maisel Decl. – ECF No. 42-2 at 2–3 (¶¶ 5–6).

[13] Siedel Decl. – ECF No. 42-1 at 15–21 (¶¶ 52–53), 22–25 (¶ 58); *see* Mot. – ECF No. 42 at 20–21 (recounting the harm to enforcement proceedings).

United States District Court
Northern District of California

1   (N.D. Cal. Dec. 8, 2020) (same) (quoting *The Ctr. for Investigative Reporting,* 424 F. Supp. 3d at

2   780); *Judicial Watch Inc. v. U.S. Dep't of Com.*, 375 F. Supp. 3d 93, 98 (D.D.C. 2019) ("Stated

3   differently, pursuant to the FOIA Improvement Act, an agency must release a record — even if it

4   falls within a FOIA exemption — if releasing the record would not reasonably harm an

5   exemption–protected interest and if the law does not prohibit the disclosure") (cleaned up).

6        The Center nonetheless contends that the FBI cannot withhold documents that were made

7   public during Mr. Wamang's public trial in Indonesia and through other public outlets (such as

8   news sources and through government disclosures).[14] The FBI released its press releases already,

9   and there thus are two items generally at issue: (1) a description of the testimony of FBI agents at

10  the Indonesia trial (available apparently through WikiLeaks), and (2) an FBI awards ceremony on

11  March 27, 2009 that has a three-paragraph description of the investigation.[15]

12       "Materials normally immunized from disclosure under FOIA lose their protective cloak once

13  disclosed and preserved in a permanent public record." *ACLU of N. Cal. v. DOJ*, 880 F.3d 473,

14  491 (9th Cir. 2018). "Although an agency bears the burden of proving that a FOIA exemption

15  applies to a given document, a plaintiff asserting that information has been previously disclosed

16  bears the initial burden of pointing to specific information in the public domain that duplicates that

17  being withheld." *Elec. Frontier Found. v. DOJ.*, No. 11-cv-05211-YGR, 2014 WL 3945646, at *6

18  (N.D. Cal. Aug. 11, 2014) (cleaned up). The test is a "stringent one." *Id*.

19       A related concept is the official-acknowledgment doctrine. *Civil Beat Law Ctr. for the Pub.*

20  *Int., Inc. v. Ctrs. for Disease Control & Prevention*, 929 F.3d 1079, 1087 (9th Cir. 2019). "[I]f the

21  government has officially acknowledged [the] information, a FOIA plaintiff may compel

22  disclosure of that information even over an agency's otherwise valid exemption claim." *Id.*

23  (cleaned up). The plaintiff must show the following: "(1) the information requested must be as

24  specific as the information previously released; (2) the information requested must match the

25  information previously disclosed; and (3) the information requested must already have been made

26  _____

27  [14] Cross-Mot. – ECF No. 45 at 17–18.

28  [15] 9/12/2006 Cable, Ex. 25 to Jones Decl. – ECF No. 45-6 at 364–365; 3/27/2009 FBI Honorary Medals Ceremony Speech, Ex. 31 to Jones Decl. – ECF No. 45-6 at 392.

public through an official and documented disclosure." *Id*. That the information is publicly available is not sufficient. *Id*. "Instead, the *specific* information sought by the plaintiff must already be in the public domain by official disclosure" *Id*.

Courts have used the terms "public domain" and "official acknowledgment" interchangeably. *Pickard v. DOJ*, 217 F. Supp. 3d 1081, 1086 n.4 (N.D. Cal. 2016); *see Freedom of the Press Found. v. DOJ*, 241 F. Supp. 3d 986, 1003–04 (N.D. Cal. 2017); *accord James Madison Project v. DOJ*, 330 F. Supp. 3d 192, 203–04 (D.D.C. 2018). The information here is not demonstrably in the public domain. *ACLU of N. Cal.*, 880 F.3d at 491.

First, public availability of information — like the agents' testimony at a trial — does not trigger the official-acknowledgment doctrine. Instead, the specific information that the Center seeks "must already be in the public domain by official disclosure." *Civil Beat Law Ctr. For the Pub. Interest, Inc.*, 923 F.3d at 1087. A plaintiff must identify "an intentional, public disclosure made by or at the request of a government officer acting in an authorized capacity by the agency in control of the information at issue . . . that is as specific as the information previously released." *Elec. Frontier Found.*, 2014 WL 3945646 at *6 (cleaned up).

Here, the plaintiff has not pointed to "specific information in the public domain that duplicates that being withheld." *Id.* The plaintiff has not established that the agents' testimony is an official acknowledgment by the FBI: an agent's testimony generally is not within the agent's official capacity or an official acknowledgment of anything. *Cf. id.* (statements by agency officials were not in their official capacity). Also, documents leaked by others are not an intentional public disclosure. *Id.* Similarly, the Indonesian police records — submitted by the Center after briefing — are not an official disclosure by the FBI.[16] *The Ctr. for Investigative Reporting v. U.S. Dep't of Treasury*, No. 19-cv-08181-JCS, 2021 WL 229309, at *8 (N.D. Cal. Jan. 22, 2021).

Second, the award ceremony involved a high-level summary of the agents' efforts in the investigation. It is not "specific information in the public domain that duplicates that being withheld." *Id.* at *6–7.

---

[16] Indonesian Police Investigation, Exs. 1–13 to Baranetsky Decl. – ECF No. 56 & Exs. 1–12.

United States District Court
Northern District of California

1    Given the conclusion that Category 7(A) applies, the court does not address the other

2    exemptions that the government advances.

3    The final issue is segregability. *Hamdan v. DOJ*, 797 F.3d 759, 778–79 (9th Cir. 2015). "FOIA

4    requires that 'any reasonably segregable portion of a record shall be provided to any person

5    requesting such record after deletion of the portions which are exempt under this subsection.'"

6    *Freedom of the Press Found.*, 241 F. Supp. 3d at 1004 (quoting 5 U.S.C. § 552(b)). "The burden is

7    on the agency to establish that all reasonably segregable portions of a document have been

8    segregated and disclosed." *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir.

9    2008). "[T]he agency is also entitled to a presumption that it complied with the obligation to

10   disclose reasonably segregable material." *Freedom of the Press Found.*, 241 F. Supp. 3d at 1004

11   (cleaned up). The agency can meet its burden "by providing the district court with a reasonably

12   detailed description of the withheld material and alleging facts sufficient to establish an exemption."

13   *Hamdan*, 797 F.3d at 779. The court "may rely on an agency's declaration." *Id*. "Agency affidavits

14   that are sufficiently detailed are presumed to be made in good faith and may be taken at face value."

15   *Id*.

16   The FBI's declarations met this standard and establish the FBI disclosed all reasonably

17   segregable portions of the responsive materials. The declarations described the materials withheld,

18   established the application of Exemption 7(A), identified responsive material that was public and

19   non-exempt, and released that material.[17] The Center challenges the FBI's withholding of

20   Indonesian court records, but the FBI withheld only "non-public court documents."[18]

21                                           **CONCLUSION**

22   The court grants the FBI's motion for summary judgment and denies the Center's cross-motion.

23   **IT IS SO ORDERED.**

24   Dated: February 18, 2021

                                          _____
25                                        LAUREL BEELER
                                          United States Magistrate Judge
26

27   [17] Seidel Decl. – ECF No. 42-1 at 6–7 (¶¶ 23–25), 13 (¶ 44), 15–21 (¶ 53), 22–25 (¶ 58), 65 (¶¶ 156–159); Seidel Supp. Decl. – ECF No. 50-1 at 4 (¶¶ 10–11).

28   [18] Seidel Decl. – ECF No. 42-1 at 17 (¶ 53(o)).